IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAVIER FRANCISCO, TDCJ-CID NO. 1523301, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-0621 |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | CONSOLIDATED WITH CIVIL ACTION NO. H-11-0652 |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Javier Francisco, proceeding pro se, filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) challenging his state court convictions of aggravated kidnaping and burglary of a habitation with intent to commit assault.[1] Pending before the court is Respondent Thaler's Motion for Summary Judgment with Brief in Support (Docket Entry No. 17). For the reasons explained below, the court will grant Thaler's motion for summary judgment and deny Francisco's petition for writ of habeas corpus.

---

[1] In challenging his convictions, Francisco originally filed two separate habeas actions. Francisco v. Thaler, Civil Action Nos. H-11-0621 and H-11-0652. By order of the court, these actions were consolidated under Civil Action No H-11-0621. See Order to Consolidate Cases, Docket Entry No. 14, p. 1. In referring to specific claims or issues raised in the petitions, the original cause number will be used for identification.

## I.  **Factual and Procedural Background**

Javier Francisco was charged with burglary of a habitation with intent to commit assault[2] and with aggravated kidnaping.[3] On August 13, 2008, a jury found Francisco guilty of both charges.[4] He was sentenced a term of twenty-five years in prison for the burglary conviction and a term of twenty years in prison for the aggravated kidnaping conviction to be served concurrently pursuant to the judgment of the 248th District Court of Harris County, Texas.[5] The facts of the case are summarized by the Court of Appeals for the Fourteenth District of Texas.

> On November 25, 2007, Javier Francisco had been drinking at his home when he and his pregnant wife, Hilda Rodriguez, began arguing. The argument escalated and Francisco hit her in the face and kicked her in the abdomen. He then called Hilda's sister, Liliana, and told her to come get Hilda because he wanted her out of the house. Impatiently, he called Liliana a second time and threatened to shoot her.

---

[2]See Indictment, Ex parte Francisco, No. WR-73,868-02, included in State Court Records, Docket Entry No. 15-12, p. 46.

[3]See Indictment, Ex parte Francisco, No. WR-73,868-03, included in State Court Records, Docket Entry No. 15-14, p. 51.

[4]See Jury Verdict, The State of Texas v. Javier Francisco, Cause No. 1143121,included in State Court Records, Docket Entry No. 15-5, p. 86; Jury Verdict, The State of Texas v. Javier Francisco, Cause No. 1143122, included in State Court Records, Docket Entry No. 15-4, p. 79.

[5]Judgment of Conviction by Jury, The State of Texas v. Javier Francisco, Cause No. 1143122, included in State Court Records, Docket Entry No. 15-14, p. 52; Judgment of Conviction by Jury, The State of Texas v. Javier Francisco, Cause No. 1143121, included in State Court Records, Docket Entry No. 15-12, p. 47.

> After Liliana arrived to pick up Hilda, Francisco grabbed his wife again. At this point Hilda and Liliana's father, who was also at the home, attempted to intervene. Francisco, who was armed with a small black firearm, struck him with it, knocking him to the ground. Francisco then left in his car, and Hilda, Liliana and their father drove to Liliana's house.
>
> When the three arrived at Liliana's home, they found the door open and her young children inside alone. The children explained that Francisco had forced their father and Liliana's husband, Augustin Mendoza, to leave with him at gunpoint. The sisters called the police but Francisco returned with Mendoza before they arrived. When Liliana would not let him in, Francisco shattered the glass in the front door and entered. He kicked in the bathroom door where Hilda was hiding with the children and dragged her by her hair down the stairs and out the front door. When Mendoza tried to intervene, Francisco hit him with the pistol. As the two men struggled on the ground, Liliana picked up a piece of metal pipe and struck Francisco with it until he released Mendoza.
>
> Francisco left just before the police arrived, but was later arrested. Hilda moved into a battered women's shelter and later suffered a miscarriage.[6]

The Fourteenth District Court of Appeals affirmed Francisco's convictions on May 19, 2009.[7] Francisco then filed a Petition for Discretionary Review ("PDR") with the Texas Court of Criminal Appeals arguing that evidence relating to his initial argument with Hilda Rodriguez should not have been included in the record.[8] Francisco's PDR was refused on September 23, 2009. On

---

[6] See Francisco v. State, Nos. 14-08-00783-CR, 14-08-00784-CR, slip op. (Tex.App.—Houston 14th Dist.], 2009, pet. ref'd., included in State Court Records, Docket Entry No. 15-12, p. 50.

[7] Id.

[8] Francisco v. State, No. PD-1189-09, included in State Court Records, Docket Entry No. 15-1, pp. 7-9.

September 30, 2010, Francisco filed two applications for state writ of habeas corpus challenging his convictions.[9] The Court of Criminal Appeals denied the applications without written order based on the findings of the trial court on December 22, 2010.[10]

Francisco filed his habeas petitions on February 17, 2011.[11] He asserts the following grounds in support of his request for relief:

> (1) Ineffective assistance of counsel with regard to his burglary of a habitation conviction, because counsel failed to:
>
>   (A) Present exculpatory evidence,
>
>   (B) Request a lesser included offense instruction of criminal trespass,

---

[9] Application for a Writ of Habeas Corpus, Ex parte Francisco, No. WR-73,868-02, included in State Court Records, Docket Entry No. 15-12, pp. 2-3, 6-7 (arguing his burglary conviction should be overturned because he received ineffective assistance of counsel when counsel failed to object to jury instruction, failed to request jury charge on lesser included offense of criminal trespass, and the trial judge erred in not instructing jury on involuntary intoxication); Application for a Writ of Habeas Corpus, Ex parte Francisco, No. WR-73,868-03, included in State Court Records, Docket Entry No. 15-14, p. 2-3, 6-8 (arguing his aggravated kidnaping conviction should be overturned because he received ineffective assistance of counsel when counsel failed to object to jury instruction that did not include lesser offense of unlawful restraint, failed to properly investigate the case, and because the trial judge erred in not instructing jury on involuntary intoxication).

[10] Ex parte Francisco, No. WR-73,868-02, included in State Court Records, Docket Entry No. 15-12, p. 2; Ex parte Francisco, No. WR-73,868-03, included in State Court Records, Docket Entry No. 15-14, p. 2.

[11] Docket Entry No. 1 in Francisco v. Thaler, Civil Action No. H-11-0621 and Francisco v. Thaler, Civil Action No. H-11-0652.

>    (C) Generally investigate the case before trial and have an organized plan of defense.[12]
>
> (2) Ineffective assistance of counsel with regard to his aggravated kidnaping conviction, because counsel failed to:
>
>    (A) Request a jury instruction on the lesser included offense of unlawful restraint,
>
>    (B) Request a jury instruction on voluntary intoxication.[13]

Thaler argues that summary judgment should be granted on Francisco's claims of ineffective assistance of counsel regarding the voluntary intoxication instruction, exculpatory evidence, and lack of general investigation because these claims are unexhausted and procedurally barred.[14] Thaler argues that the remaining two claims are without merit.[15]

## II. Analysis

### A. Standard of Summary Judgment

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." Clark v. Johnson, 202 F.3d

---

[12] Petition for Writ of Habeas Corpus by a Person in State Custody, Civil Action No. H-11-0621, Docket Entry No. 1, p. 7.

[13] Petition for Writ of Habeas Corpus by a Person in State Custody, Civil Action No. H-11-0652, Docket Entry No. 1, p. 7.

[14] Respondent Thaler's Motion for Summary Judgment with Brief in Support ("Thaler's Motion"), Docket Entry No. 17, p. 1, 9-10.

[15] Id. at 10-15.

760, 764 (5th Cir. 2000). In ordinary civil cases a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, 106 S. Ct. 2505, 2513 (1986). However, when a state habeas petitioner's factual allegations have been resolved against him by express or implicit findings of the state courts, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor. Marshall v. Lonberger, 103 S. Ct. 843, 849 (1983); Sumner v. Mata, 101 S. Ct. 764, 769 (1981). In reviewing factual determinations of the Texas state courts, this court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

**B.   AEDPA Standard of Review**

Because Francisco's habeas petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), it is subject to the AEDPA. 28 U.S.C. § 2253 (2009); Lindh v. Murphy, 117 S. Ct. 2059, 2061 (1997). Under the AEDPA, a court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Woodford v. Viscotti, 123 S. Ct. 357, 360 (2002) (per curiam)(citing Lindh v. Murphy, 117 S.Ct. 2059 (1997)). Habeas relief should only be granted if the state-court decision is both incorrect and objectively unreasonable. Martin v. Cain, 246 F.3d 471, 476 (5th Cir. 2001) (citing Williams v. Taylor, 120 S. Ct. 1495, 1518 (2000)).

**C. Exhaustion of Remedies**

Thaler argues that three of the claims in Francisco's petitions are unexhausted and therefore cannot be considered by the court. Under the AEDPA a petitioner must exhaust all available state remedies before he may obtain federal habeas corpus relief. 28 U.S.C. § 2254(b)(1)(a); Nobles v. Johnson, 127 F.3d 409, 419–420 (5th Cir. 1997). To satisfy the AEDPA's exhaustion requirement, a petitioner must fairly present the substance of his claim to the highest state court available with the same facts and legal theories upon which the petitioner bases his current assertions. Nobles, 127 F.3d at 420; Ruiz v. Quarterman, 460 F.3d 638, 643 (5th Cir. 2006). A Texas prisoner may satisfy this requirement if he raised his claim with the Texas Court of Criminal Appeals either in a petition for discretionary review or in an application for writ

of habeas corpus.  Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990) (citing Richardson v. Procunier, 762 F.2d 429, 431-432 (5th Cir. 1985)).  In challenging his conviction for burglary of a habitation, Francisco claims that he received ineffective assistance of counsel because counsel failed to present exculpatory evidence, investigate the facts of the case, and prepare a plan of defense.[16]  These claims were not raised in his petition for discretionary review nor his state habeas petitions.[17]  Francisco's claim in challenging his aggravated kidnaping conviction that he received ineffective assistance of counsel when counsel failed to request an instruction of voluntary intoxication[18] was not raised in his petition for discretionary review or his state habeas petitions.  Therefore, Francisco has not exhausted these claims.

When a federal habeas petitioner has failed to exhaust his state court remedies, and the court to which the petitioner would

---

[16]Francisco Petition in Civil Action No. H-11-0621, Docket Entry No. 1, p. 7.

[17]Although Francisco argued in his state habeas petition No. WR-73,868-03 that his trial counsel was ineffective for failure to investigate, he alleged his counsel failed to discover evidence on his history of alcoholism that could have been used to rebut his culpable mental state for the kidnaping conviction. In contrast, Francisco's federal petition asserts counsel was ineffective for failure to investigate and create a plan of defense in regards to his burglary conviction. Because these claims are based on different facts and legal theories, Francisco has not exhausted the instant claim. See Ruiz v. Quarterman, 460 F.3d 638, 643 (5th Cir. 2006).

[18]Francisco Petition in Civil Action No. H-11-0621, Docket Entry No. 1, p. 7.

be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for purposes of federal habeas review. Cotton v. Cockrell, 343 F.3d 746, 754 (5th Cir. 2003) (quoting Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001)).  Under Texas law, a state court may not consider the merits of a state habeas application if it has been filed after a final ruling has been entered in a previous habeas action challenging the same conviction. Tex. Code Crim. Proc. Ann. art 11.07 § 4.  Federal courts have consistently held that Texas' abuse-of-writ rule is ordinarily an "adequate and independent" procedural ground on which to base a procedural default ruling. Henderson v. Cockrell, 333 F.3d 592, 605 (5th Cir.2003); Matchett v. Dretke, 380 F.3d 844, 848 (5th Cir. 2004).  Because Francisco's claims are unexhausted and he is prohibited from exhausting them by submitting a successive writ, his claims are procedurally barred.

The procedural bar may be excused if the petitioner can show either: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or (2) that failure to consider his claims will result in a fundamental miscarriage of justice. Pitts v. Anderson, 122 F.3d 275, 279 (5th Cir. 1997) (citing Coleman v. Thompson, 111 S. Ct. 2546, 2564 (1991)).  To show "cause," Francisco must prove that an external factor prevented him from complying with the state procedural rule.

Moore v. Quarterman, 534 F.3d 454, 463 (5th Cir. 2008) (citing United States v. Frady, 102 S. Ct. 1584 (1982)). To show "actual prejudice," he must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Moore 534 F.3d at 463 (quoting Frady, 102 S. Ct. at 1596).

Francisco provides no explanation of why he did not raise the claims in his prior state applications and does not present an objective external factor that prevented him from complying with state procedural law. Francisco's petitions do not demonstrate cause for his failure to assert the claims in his earlier petitions.

The second exception, "fundamental miscarriage of justice," requires Francisco show that he is actually innocent of the crime for which he was convicted. Sawyer v. Whitley, 112 S. Ct. 2514, 2519 (1992); Rocha v. Thaler, 626 F.3d 815, 818 (5th Cir. 2010). A petitioner who claims that he is actually innocent of the underlying crime must show that, based on reliable evidence not presented at trial, it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. Sawyer, 112 S. Ct. at 2524; Rocha, 626 F.3d at 818. There is no indication of any evidence that Francisco is actually innocent of the offenses for which he was convicted. Although Francisco

asserts that his counsel failed to present exculpatory evidence and generally investigate the case, he never refers to specific evidence that should have been presented at trial or evidence counsel should have discovered that would demonstrate his innocence.

Because Francisco has failed to introduce any new evidence that, if presented to a jury, would result in an acquittal, Francisco's unexhausted claims are therefore procedurally defaulted and are not entitled to review.

**D.     Ineffective Assistance of Counsel**

Francisco asserts that his counsel was ineffective because counsel failed to request jury instructions on the lesser included offenses of criminal trespass in the burglary case and unlawful restraint in the aggravated kidnaping case.[19] Under the standard created in Strickland v. Washington, 104 S. Ct. 2052 (1984), to establish a successful ineffectiveness claim a petitioner must show both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. Id. at 2064. A counsel's performance is deficient if the petitioner is able to show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Review of trial counsel's performance must

---

[19]Francisco Petition in Civil Action No. H-11-0621, Docket Entry No. 1, p. 7; Francisco Petition in Civil Action No. H-11-0652 Petition, Docket Entry No. 1, p. 7.

be highly deferential, and a court must indulge a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 2065. To meet the second prong of the Strickland test, the petitioner must demonstrate that "there was a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Id. A "mere possibility" that a different result might have occurred is not enough to demonstrate prejudice. Lamb v. Johnson, 179 F.3d 352, 359 (5th Cir. 1999). The petitioner carries the burden to prove both prongs of the Strickland standard. Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997). If the petitioner makes an insufficient showing on one of the prongs, the court need not address the other. Strickland, 104 S. Ct. at 2069.

Because Francisco raised both of these claims in his state applications, which the Texas Court of Criminal Appeals denied,[20] the Texas Court of Criminal Appeals' decision was "on the merits." Singleton v. Johnson, 178 F.3d 381, 384 (5th Cir. 1999). Therefore, this court cannot grant habeas relief unless it is determined that the state court's decision regarding Francisco's ineffective assistance of council claim was contrary to, or an unreasonable application of, the standards provided by the clearly

---

[20] Ex parte Francisco, No. WR-73,868-02, included in State Court Habeas Corpus Record, Docket Entry No. 15-12, p. 2; Ex parte Francisco, No. WR-73,868-03, included in State Habeas Corpus Record, Docket Entry No. 15-14, p. 2.

established federal law.  28 U.S.C. § 2254(d)(1); Busby v. Dretke, 359 F.3d 708, 717 (5th Cir. 2004).

Francisco argues the trial counsel rendered ineffective assistance by failing to request a jury instruction on criminal trespass as a lesser included offense of burglary of a habitation with the intent to commit a felony.[21]  The Court of Criminal Appeals adopted the state trial court's findings that Francisco's counsel's representation was sufficient to protect his right to reasonably effective counsel, and that Francisco failed to show that counsel's conduct fell below the objective standard of reasonableness or that such alleged deficient conduct resulted in prejudice.[22]  The state's decision is supported by the record which clearly shows Francisco's counsel did in fact request a lesser included offense instruction of criminal trespass, which the trial court granted.[23]  Because counsel did request the instruction, contrary to Francisco's assertions, Francisco's claim is without merit.  Accordingly, the state court's decision was not an erroneous or objectively unreasonable application of the law.

---

[21] Francisco's 0621 Petition, Docket Entry No. 1, p. 7.

[22] Ex parte Francisco, No. WR-73,868-02, included in State Court Habeas Corpus Record, Docket Entry No. 15-12, pp. 2, 33-34.

[23] See Trial on Merits, Reporter's Record to Trial Court Cause No. 1143121 and 1143121, volume 3, included in State Court Records, Docket Entry No. 15-7, p. 90; see also Jury Charge in Cause No. 114321, included in State Court Records, Docket Entry No. 15-5, p. 81.

Francisco also argues the trial counsel was ineffective for failing to request a jury instruction on unlawful restraint as a lesser included offense to aggravated kidnaping.[24] Francisco contends that the evidence at trial showed the victim was never taken off the premises, but merely restrained in his own home.[25] The state trial court found that counsel rendered effective assistance in regards to the jury charge.[26] This finding was adopted by the Court of Criminal Appeals when it denied Francisco state relief.[27] Francisco fails to demonstrate that he was entitled to a jury instruction on unlawful restraint or that his counsel's performance was objectively unreasonable when he did not request such an instruction. Under Texas law, a defendant is entitled to a lesser included offense instruction when both (1) the lesser included offense is included within the proof necessary to establish the offense charged, and (2) there is some evidence showing that if the defendant is guilty, he is only guilty of the lesser offense. Rousseau v. State, 855 S.W.2d 666, 672-673 (Tex. Crim. App. 1993). During Francisco's trial, witnesses testified

---

[24]Francisco Petition in Civil Action No. H-11-0652, Docket Entry No. 1, p. 7.

[25]Id.

[26]Ex parte Francisco, No. WR-73,868-03, included in State Court Records, Docket Entry No. 15-14, p. 37-38.

[27]Id. at 2.

that Francisco abducted the victim by exhibiting a deadly weapon.[28] There is no evidence that Francisco was only guilty of unlawful restraint. Because counsel was not required to make futile objections, Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990), Francisco has not demonstrated his counsel's performance was deficient. The court concludes that the state court's finding that petitioner has not made the required showing under Strickland is a reasonable application of federal law.

Because Francisco has not shown the Texas court decisions on these claims of ineffective assistance of counsel were contrary to, or unreasonable applications, of clearly established federal law, Francisco's claims will be dismissed.

### III. Certificate of Appealability

Although Francisco did not request a Certificate of Appealability ("COA") the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). To obtain a COA, Francisco must substantially show a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004). Denial of a constitutional right may have occurred when "reasonable jurists would find the assessment of the constitutional claims debatable or

---

[28]Trial on Merits, Reporter's Record to The State of Texas v. Javier Francisco, Cause Nos. 1143121 and 1143121, Volume 3, included in State Court Records, Docket Entry No. 15-7, pp. 41-42, 67-73.

wrong." Elizalde v. Dretke, 362 F.3d 323, 328 (5th Cir. 2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1603 (2000)). Francisco has not shown that reasonable jurists would find that a denial of a constitutional right has occurred or that the question is debatable. Therefore, the court will deny a COA.

### IV.  Motion for Evidentiary Hearing

Petitioner's Motions for an Evidentiary Hearing (Docket Entry Nos. 12 and 16) will be denied. In most cases, federal courts do not grant evidentiary hearings because the state court findings are presumed to be correct. Livingston v. Johnson, 107 F.3d 297, 302-304 (5th Cir. 1997). No hearing is necessary in this case because the record is complete and the evidence in the record is sufficient to provide full review of the petitioner's claims. See Wilcher v. Hargett, 978 F.2d 872, 877 (5th Cir. 1992), (citing Skillern v. Estelle, 720 F.2d 839, 844 (5th Cir. 1983)).

### V.  Motion for Appointment of Counsel

Francisco has filed two motions requesting appointment of counsel (Docket Entry Nos. 12 and 16). Habeas is a civil action, and there is no absolute constitutional right to the assistance of counsel in such proceedings in federal court. Callins v. Johnson, 89 F.3d 210, 212 (5th Cir. 1996) (citing Pennsylvania v. Finley, 107 S. Ct. 1990, 1993 (1987)); see also In Re Joiner, 58 F.3d 143,

144 (5th Cir. 1995). Because the record is complete and the principles governing the issues are settled, petitioner's motions will be denied. Self v. Blackburn, 751 F.2d 789, 793 (5th Cir. 1985).

## VI. Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1. Respondent Thaler's Motion to For Summary Judgment with Brief in Support (Docket Entry No. 17) is **GRANTED**.

2. Francisco's Petitions for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) Civil Action No. H-11-621 and Civil Action No. H-11-652 are **DENIED**.

3. Francisco's Motions for Evidentiary Hearing (Docket Entry Nos. 12 and 16) are **DENIED.**

4. Francisco's Motions for Appointment of Counsel (Docket Entry Nos. 12 and 16) are **DENIED.**

**SIGNED** at Houston, Texas, on this 17th day of June, 2011.

SIM LAKE
UNITED STATES DISTRICT JUDGE